UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIAMOND FACEN,

    Plaintiff,

v.                        CASE NO. 3:23-cv-367-TJC-MCR

MARKIESHA BATTLES and
JUDGE FAHLGREN,[1]

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[2]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). For the reasons stated herein, the undersigned **RECOMMENDS** that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees,

---

[1] Judge Fahlgren's name was misspelled in the Complaint.

[2] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show that she is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The undersigned has reviewed Plaintiff's Application and finds it to be deficient because it is not notarized and appears to be incomplete. (*See* Doc. 2.) For example, it is unclear whether Plaintiff receives financial assistance from sources not mentioned in the Application, considering that her total monthly expenses of $745.00 exceed her reported monthly income of $258.00. (*See id.*) It is also unclear whether Plaintiff's food stamps are included in the monthly public assistance sum of $208.00. (*Id.*) Also, Plaintiff states that she has spent, or will be spending, $200.00 for expenses or attorney's fees in conjunction with this lawsuit, but she is proceeding *pro se* and has not paid any amount toward the filing fee. (*Id.*) Although the Court would normally give Plaintiff an opportunity to file an amended, notarized Application or pay the appropriate filing fee, it would be futile to do so here because Plaintiff's Complaint is due to be dismissed for the reasons stated below.

It is settled that even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)). To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims. Fed.R.Civ.P. 8(a). This statement of facts must show the plausibility of Plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per

curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").   Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.   *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Here, the Complaint alleges that this Court has federal question jurisdiction because Ms. Facen "was denied [her] right to a fair hearing[;] [her] evidence was refused presentation and a[n] injunction[,] solely based on untruths[,] was issued with no evidence."   (Doc. 1 at 3.)   Under Statement of Claim, the Complaint alleges as follows:

> On 2-23-2023 Judge S. Fahlgren issued a[n] injunction to Markiesha Battles due to my none [sic] appearance due to having Covid.   I filed a motion to be heard on 3/28/2023 in which I wasn't heard [sic] was refused my right of presenting evidence.   I never had a chance to present my case due to the Judge denying my motion with prejudice.

(*Id.* at 4.)   As relief, Ms. Facen requests "a re-evaluation of [her] treatment and information."   (*Id.*)   Although there are two Defendants listed in the Complaint, namely, Markiesha Battles and Judge Fahlgren (*id.* at 2), Plaintiff does not seem to raise any claims against Ms. Battles.

Even when construed liberally, Plaintiff's Complaint fails to state a claim on which relief may be granted, because Judge Fahlgren, who is essentially the only Defendant against whom relief is sought and whose

4

actions appear to be the focus of the Complaint, is entitled to immunity from Plaintiff's claims. Although the Complaint does not specify whether this action is brought against Judge Fahlgren in his individual or official capacity, the outcome would be the same, because Judge Fahlgren is entitled to Eleventh Amendment immunity in his official capacity and absolute judicial immunity in his individual capacity. "A suit against a state official in his or her official capacity is no different from a suit against the state, which fails because of sovereign immunity." *Price v. Stone*, No. 4:11-cv-40 CDL-MSH, 2011 WL 2791350, *2 (M.D. Ga. May 3, 2011) (report and recommendation adopted by 2011 WL 2791958 (M.D. Ga. July 18, 2011)) (citing *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996)). Thus, assuming that Plaintiff is suing Judge Fahlgren in his official capacity, her claims are barred by Eleventh Amendment immunity and should be dismissed.

Further, to the extent Plaintiff is suing Judge Fahlgren in his individual capacity, her claims should also be dismissed because Defendant is entitled to absolute judicial immunity. "'[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.'" *Price*, 2011 WL 2791350, at *2 (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in 'the clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.

2000) (per curiam). "Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge . . . ." *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Judges are also absolutely immune from suit when (1) the acts in question were performed while he or she was dealing with the parties in his or her judicial capacity, (2) the acts were of the sort normally performed by judicial officers and (3) the judge's conduct did not fall clearly outside his subject matter jurisdiction." *Mosley v. Awerbach*, No. 8:06 CV 592 T 27MSS, 2006 WL 2375050, *4 (M.D. Fla. Aug. 15, 2006) (citing, *inter alia*, *Stump v. Sparkman*, 435 U.S. 349 (1978)).

Here, Judge Fahlgren was acting in his judicial capacity when he issued an injunction against Ms. Facen.[3] *See, e.g.*, *Wilson v. Bush*, 196 F.

---

[3] The public records of the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, indicate in relevant part:
- On December 30, 2019, a petition for injunction for protection against stalking was filed by Shirley Covington against Diamond Facen; on December 31, 2019, a temporary injunction was issued by Judge Horkan; after respondent failed to attend, a final judgment of injunction was entered on January 14, 2020, and it was returned served on Ms. Facen on January 21, 2020 (Case 16-2019-DR-004939-DVXX-MA);
- On December 14, 2022, a petition for repeat violence injunction was filed by

6

App'x 796, 799 (11th Cir. 2006) ("Entering a judgment or order is a

---

> Markeisha Battles against Diamond Facen; on December 15, 2022, a temporary injunction was issued by Judge Fahlgren; a final judgment of injunction was entered on January 31, 2023, and it was returned served on Ms. Facen on February 3, 2023; on February 8, 2023, Ms. Facen moved to terminate/vacate the final judgment, but her motion was denied on March 25, 2023 (Case 16-2022-DR-004969-DVXX-MA);
> - On January 19, 2023, a petition for repeat temporary injunction for protection was filed by Diamond Facen against Markeisha Battles, which was denied on the same date; on January 31, 2023, an order dismissing the petition was entered by Judge Fahlgren (Case 16-2022-DR-004969-DVAX-MA);
> - On March 14, 2023, a petition for injunction for protection against stalking was filed by Diamond Facen against Markeisha Battles; on March 15, 2023, an order denying the petition was issued by Judge Fahlgren; and on March 28, 2023, an order dismissing the petition was entered (Case 16-2022-DR-004969-DVCX-MA);
> - On April 2, 2023, Ms. Facen was arrested for injunction violation, she was found indigent and was appointed a public defender to represent her in that action, and she was detained pending further proceedings (Case 16-2023-MM-004744-AXXX-MA).

"At any stage and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned." *Pridgeon v. Florida*, No. 3:16-cv-473-J-34PDB, 2016 WL 5844154, *1 n.1 (M.D. Fla. June 20, 2016) (citing Fed.R.Evid. 201) (report and recommendation adopted by 2016 WL 5719351 (M.D. Fla. Oct. 3, 2016)). "Courts may take judicial notice of publicly filed documents, such as those in state court litigation." *U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015).

    Here, the Court may judicially notice facts about the procedural posture and orders entered in Plaintiff's state court cases, because they can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) (finding that "[t]he district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'"); *Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, 3:10-cv-423-J-34PDB, 2014 WL 5488791, *2 (M.D. Fla. Oct. 30, 2014) (recognizing that "a court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation").

quintessential judicial function and immunity attached to it."); *Bussey v. Devane*, No. 13-cv-3660(JS)(WDW), 2013 WL 4459059, *3 (E.D.N.Y. Aug. 16, 2013) ("Deciding motions is certainly an act performed within a judge's 'judicial capacity' and such determinations are undoubtedly entitled to absolute judicial immunity."). Further, Plaintiff has failed to allege that any action taken by Judge Fahlgren was "taken in the absence of all jurisdiction, and the Court fails to see how such an allegation would be supportable." *Price*, 2011 WL 2791350, at *3.

Because Judge Fahlgren is absolutely immune from Plaintiff's claims, the Complaint should be dismissed without prejudice for failure to state a claim on which relief may be granted. In addition, although the allegations as to the requested relief are not entirely legible, to the extent the Complaint seeks monetary relief against Judge Fahlgren who is immune from such relief, the Complaint is subject to dismissal on this additional basis.[4] *See*

---

[4] Any claims against Judge Fahlgren for injunctive or declaratory relief would also be barred. *See Henderson v. Augusta Jud. Cir.*, No. CV 120-175, 2021 WL 1216877, *2 (S.D. Ga. Mar. 4, 2021). "For a Plaintiff to receive injunctive or declaratory relief, 'the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable.'" *Id.* (quoting *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020)). Also, there must be an "absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. Plaintiff here does not allege a violation of a declaratory decree, that declaratory relief is otherwise unavailable, or that there is an absence of an adequate remedy at law. Moreover, to the extent any injunctive or declaratory relief sought by Plaintiff would "interfere[] with the state court's judicial process, a federal court lacks jurisdiction and should abstain from interfering under the principles of *Younger v. Harris*, 401 U.S. 37 (1971)." *Henderson*, 2021 WL 1216877, at *3.

*Brewster v. Land*, No. 4:21-cv-102 (LAG) (MSH), 2021 WL 3084916, *3 (M.D. Ga. July 21, 2021); *Price*, 2011 WL 2791350, at *3; *Mosley*, 2006 WL 2375050, at *4 ("Plaintiffs' IFP Motions seek leave to file a complaint which seeks monetary relief from Defendants who are immune from such relief and, consequently, should be denied as to any complaint which seeks relief against Defendants Judge Bray and Judge Diskey.").

Further, to the extent Plaintiff seeks reconsideration of the state court orders, which are not appealable here, Plaintiff's claims cannot be redressed by this Court. This Court does not have jurisdiction to hear appeals of state court decisions. *See Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132 (11th Cir. 2005) (per curiam) (stating that under the *Rooker-Feldman* abstention doctrine, "a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision") (quoting *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The only federal court that can hear an appeal of a state court final judgment is the United States Supreme Court. *Seltz v. Medina*, No. 2:13-cv-394-FtM-38DNF, 2013 WL 2920415, *2 (M.D. Fla. June 13, 2013)

(citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983)). Although a *pro se* plaintiff is usually given at least one opportunity to amend the complaint, it would be futile to do so here based on the reasons cited herein.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.

2. This action be **DISMISSED without prejudice** for failure to state a claim on which relief may be granted and/or lack of subject-matter jurisdiction.[5]   Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on April 6, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[5] A dismissal for lack of subject-matter jurisdiction is without prejudice.  *See Blankenship*, 551 F. App'x at 471 n.2 (stating that a dismissal of an action for lack of subject-matter jurisdiction is an involuntary dismissal and, thus, it is without prejudice) (citing Fed.R.Civ.P. 41(b) (providing that an involuntary dismissal for lack of subject-matter jurisdiction does not operate as an adjudication on the merits) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject-matter jurisdiction should be without prejudice)).

Copies to:

The Hon. Timothy J. Corrigan
Chief United States District Judge

*Pro Se* Plaintiff

11